# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| HOMER HOLLOWAY, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CR606-026 |
| | ) | | CV611-021 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

In *United States v. Holloway*, 362 F. App'x 948 (11th Cir. 2010), Homer Holloway unsuccessfully challenged his 156-month sentence for conspiracy to distribute, and to possess with intent to distribute, a quantity of crack and cocaine, in violation of 21 U.S.C. § 846. CR606-026, doc. 1044. He next filed a letter asking the district judge to reconsider his sentence. Doc. 1133. Because it appeared that his letter sought to "vacate and set aside, or correct the sentence" under 28 U.S.C. § 2255, and in fact he had invoked that remedy before, *Holloway v. United States*, 2009 WL 2340686 (S.D. Ga. Jul. 27, 2009), the Court analyzed it and concluded that it was a *non*-successive 28 U.S.C. § 2255 motion. Doc. 1143. It also *"Castro*-advised" him, *id.* at 1-2 (citing *Castro*

*v. United States*, 540 U.S. 375, 383 (2003)) and thus gave him three choices: "(1) have his motion ruled upon as filed; (2) amend it to include any other claims related to his guilty plea and resulting term of imprisonment; or (3) withdraw it entirely." *Id.* at 2.

Holloway chose option two. Doc. 1150. He thus now presents one claim, as articulated in two variations over two different filings. First, he seeks "a reconsideration of my sentence or at least a (2) point *reduction* in my sentence, after I had written a proffer of confession in faith, but was enhanced cause of a live-in-girlfriend, by the name of Stephanie Collins Reg. # 12964-021 and please reconsider my criminal history which was consolidated in the state courts." Doc. 1044 (emphasis added). He thus seeks a downward adjustment in his sentence.

Second, he "request[s that] the [sentencing judge] . . . also (please) reconsider my '*minor participant*' role of my plea agreement, which my attorney, Michael Garrett, objected. Which I was denied because of a live-in-girlfriend, by the name of Stephanie Collins Reg. # 12964-021. I pray the courts will reconsider my minor role and consider the enormous revelation between my participation, Holloway and Collins, to award me

a (2) point *reduction* according to my plea agreement, which is far different than Collins / or if any other new law comes into effect that would help me with relief on my sentence would be gratefully appreciative." Doc. 1150 (emphasis added). He thus seeks a reduction for being only a "minor participant."

On direct appeal, the Eleventh Circuit reached both "minor participant" and "downward adjustment" arguments (albeit perhaps not raised in precisely the same obtuse form):

> Holloway argue[d] that the district court erred in failing to consider him a "minor participant," thereby denying a downward adjustment based on his minor role in the offense. Holloway argue[d] that the presentence investigation report (PSI) clearly showed that his role in the drug distribution organization was significantly less than the role of codefendant Stephanie Collins, and he was therefore entitled to a minor role reduction.

Doc. 1044 at 5. Again, the *Holloway* court rejected this claim.

Holloway's § 2255 motion, then, is basically a rehash of his appeal. It thus must be denied, for "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977) (cited in *United States v. Nyhuis*, 211 F.3d

3

1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.")).

For that matter, Holloway does not argue that his sentence was imposed beyond the statutory sentencing limits governing his case. Because

> of the narrow parameters of section 2255 review, and due to an available avenue of review through direct appeal, sentences imposed within statutory limits are generally insulated from section 2255 review. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816, 830 (1982); *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir.1995); *Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir.1991).

*United States v. Barnes*, 2010 WL 2044913 at * 10 (N.D. Fla. Apr. 22, 2010). Holloway's claims therefore could not be reached here in any event.

Accordingly, Homer Holloway's 28 U.S.C. § 2255 motion must be **DENIED**. Doc. 1133.

**SO REPORTED AND RECOMMENDED** this __20th__ day of April, 2011.

/s/ *signature*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA